UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME CARTER,<br><br>            Defendant. | Magistrate No. 07-381 (AK) |

**DETENTION MEMORANDUM**

The Defendant, Jerome Carter, has been charged in a criminal complaint with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). The government requested a detention hearing, which was held on August 2, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

Defendant is charged by criminal complaint with performing two bank robberies in the District of Columbia: one occurring on July 16, 2007 at the Citibank branch on Columbia Road, NW, and the other occurring on July 23, 2007 at the Suntrust Bank branch in L'Enfant Plaza.

At the detention hearing, Special Agent Sean Fitzgerald of the Federal Bureau of Investigation's ("FBI") Violent Crimes/Major Offenders Branch in the Washington Field Office

testified on behalf of the government. After comparing eyewitness accounts and surveillance photographs gathered from each robbery investigation, the authorities determined that the same individual had committed both offenses. A photograph of the suspect was then circulated among local authorities. According to Agent Fitzgerald, a probation officer who had previously supervised the Defendant's release recognized the Defendant and identified him to the Metropolitan Police Department ("MPD") and the FBI.

The authorities apprehended Defendant on July 30, 2007. At the time of his arrest, Defendant was in possession of a 1999 Chevy Tahoe. According to the agent, the Defendant had purchased the vehicle for $7,500 cash on July 25, 2007, two days following the Suntrust Bank robbery. (Approximately $11,000 had been taken during the Suntrust robbery.)

Once Defendant was apprehended, the victim-tellers from the two robberies separately identified him in photo line-ups.

Agent Fitzgerald also stated that the Defendant is a suspect in a total of nine bank robberies (including the two for which he is presently charged), occurring between January 10, 2007 and July 23, 2007. According to the agent, the robberies all involved a suspect of similar appearance, and all were performed in a similar manner. Agent Fitzgerald further testified that a hiatus in this string of robberies closely coincides with a period during which Defendant was incarcerated.

At the close of the hearing, the Court found probable cause to believe that the Defendant had committed a violation of 21 U.S.C. § 922(g)(1).

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."  *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that no condition or combination of conditions will reasonably assure the safety of the community and that the Defendant poses a risk of flight.  In making this determination, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and

seriousness of the danger to any person or to the community which would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention.  The defendant is charged with two counts of bank robbery, a crime of violence within the meaning of 18 U.S.C. § 16.

The second factor, the weight of the evidence, also favors detention.  The Defendant has been identified in photo line-ups by the tellers from both bank robberies.  The Defendant purchased a car for $7,500 cash two days after one of the bank robberies; however, the Defendant is homeless and unemployed.

The third factor, the history and characteristics of the Defendant, supports pretrial detention.  According to the Pretrial Services Report, the Defendant has prior convictions for robbery dating back sixteen years, albeit never amounting to a theft of more than $1,000.  Also, the Defendant has committed crimes in the past while on supervised release, and has failed several times to appear before the Court when summoned.  He is also homeless and, as such, has no verifiable address.  The Defendant's history of failure to comply with release conditions, combined with his vagrant status, provide the Court with little confidence that he will comply with any conditions of release in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  As stated previously, the Defendant is charged with bank robbery, which is a serious offense and designated as a crime of violence.  According to eyewitnesses, Defendant claimed to be armed during the commission of the robberies.  Furthermore, although the Defendant has been charged with only two such violent crimes, he is a

suspect in seven more bank robberies. These facts lead the Court to believe that, if released, Defendant will pose a danger to the community.

### **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community and concludes by a preponderance of the evidence that his pretrial release would constitute an unreasonable risk of flight. Therefore, the government's motion for pretrial detention is granted.


Dated: August __6th__, 2007             _____/s/_____
                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE